UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUSTIN M. CRIST,

Plaintiff,

v.

JASON STIVERSON, et al.,

Defendants.

CASE No. 1:26-CV-1039

HON. ROBERT J. JONKER

______________________________/

**ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action (ECF No. 14); Plaintiff's Objection (ECF No. 15); and Defendants' Response. (ECF No. 18). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends granting the defense motion to dismiss. (ECF No. 8). Plaintiff's overarching objection is that the Magistrate Judge allegedly rubberstamped the defense motion, and failed to perform a close read as evidenced by the what he says was the Magistrate Judge's incorrect statement that Plaintiff admitted that he had a poor recollection of the original events. Plaintiff says this is "flatly false." (ECF No. 15, PageID.188). But it is Plaintiff, not the Magistrate Judge, who has failed to perform a close read because Plaintiff did in fact state in his Complaint that "I have relatively poor recollection of the original events." (ECF No. 1, PageID.5) (emphasis added). And indeed the Court is satisfied on de novo review that the Magistrate Judge carefully and thoroughly considered the record and the governing law. The Magistrate Judge furthermore properly analyzed Plaintiff's claims. Nothing in Plaintiff's objections changes the fundamental analysis.

Plaintiff's additional objections root either in decisions of the defendant state court judge or on alleged conduct of individuals who are not named in this case. As to the judge, the Magistrate Judge correctly determined that her decisions are protected by absolute immunity. And as to the unnamed individuals, even if they did what Plaintiff accuses them of doing—like subtle torture or cutting of water—neither the county nor the head of the jail can be held responsible under a theory of respondeat superior or vicarious liability. And there is no factual basis supporting a plausible inference of county policy as the moving force for any alleged violations. The Court further determines that no amendment is in order. A party cannot use the court as a sounding board and receive an advisory opinion on whether an as yet unfiled amended

compliant would pass muster. Moreover, there is nothing suggested by Plaintiff that would cure the fundamental deficiencies identified by the Magistrate Judge.

In addition to his objections, Plaintiff moves to disqualify the Magistrate Judge based on what he says is a documented pattern of pervasive bias. (ECF No. 16). Much of what Plaintiff alleges is factually inaccurate. And despite Plaintiff's labels and arguments to the contrary, everything he complains about stems from the Magistrate Judge's rulings which is no basis for disqualification. *See Liteky v. United States,* 510 U.S. 540, 547-48 (1994). Beyond that, the Court determines on de novo review that the defense motion has merit and this case should be dismissed. And for that reason, the motion to disqualify is now moot.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 14) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (ECF No. 16) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

A separate Judgment shall issue.

Dated: September 14, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE